# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>RODNEY OLEAN KOLLOCK,<br><br>                                    Defendant. | Case No.:  18-CR-4553 DMS<br><br>**ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

Before the Court is Defendant Rodney Olean Kollock's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a response in opposition to Defendant's motion.  Defendant, with appointed counsel, filed a reply.  For the following reasons, Defendant's motion is denied.

## I.
## BACKGROUND

On August 6, 2019, Defendant pled guilty to the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 47.).  On November 1, 2019, Defendant was sentenced to 36 months of imprisonment and three years of supervised release.  (ECF No. 58.).  The Court recommended that Defendant participate in the RDAP program while in custody.  (*Id.*)  Defendant's projected release date is July 20, 2021.  (ECF No. 65 at 10).

1

Defendant is currently incarcerated at FCI Phoenix where all RDAP classes have been postponed due to the COVID-19 pandemic.  (ECF No. 60 at 1; ECF No. 65 at 10.)  Defendant is 52 years old and suffers from obesity and diabetes.  (ECF No. 65 at 2.)  Due to the risks associated with COVID-19 and the inability to take RDAP classes while in custody, Defendant now seeks a reduction of his sentence so that he may enter the treatment program at Veterans Village of San Diego.  (ECF No. 65 at 10.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant."  A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it."  *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).  Thereafter, the Court may consider the applicable standards set forth in § 3553(a) and determine whether "extraordinary and compelling reasons" warrant a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission."

Here, there is no indication that Defendant previously petitioned the BOP for compassionate release. The Government states that it "does not dispute that Defendant has exhausted his administrative remedies with the Bureau of Prisons (BOP) for the issues he raised in his previous request to the BOP." (ECF No. 62 at 8.) In his reply brief, Defendant simply points to Government's statement. (ECF No. 65 at 1.) But neither Defendant nor the Government provides the Court with information on whether or not Defendant previously petitioned the BOP for compassionate release and if he did, whether or not the BOP denied Defendant's application or thirty days have passed without the BOP responding to it.

District courts across the country have grappled with the question of whether the First Step Act's administrative exhaustion requirement is jurisdictional, non-jurisdictional and excusable, or mandatory. If the exhaustion requirement at issue is jurisdictional and not satisfied, courts are barred from addressing the merits. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (noting jurisdictional statutory preconditions "speak to the power of the court rather than to the rights or obligations of the parties.") If the exhaustion requirement is not jurisdictional, courts may excuse noncompliance. *See, e.g.*, *United States v. Perez*, 451 F. Supp. 3d 288, 293 (S.D.N.Y Apr. 1, 2020) (waiving exhaustion requirement as futile because inmate had less than 21 days left on his sentence). While some courts have concluded the exhaustion requirement is both mandatory and jurisdictional, notwithstanding the COVID-19 crisis, *see, e.g.*, *United States v. Rojas*, No. 17-CR-337 (LAB) (S.D. Cal. May 6, 2020) (stating exhaustion requirement is mandatory and jurisdictional and denying defendant's motion for failure to exhaust administrative remedies), this Court need not reach the jurisdictional question. Even if the exhaustion requirement is non-jurisdictional, it is mandatory and precludes the Court from modifying Defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(a) ("The court may not modify a term of imprisonment once it has been imposed [unless] the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request . . . ."). The statutory

18-CR-4553 DMS

language is clear and unambiguous.  *See United States v. Lugo*, No. 2:19-cr-0056, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (discussing cases and finding "the language of section 3582(c)… clear and mandatory.").

Here, there is no indication that Defendant petitioned the BOP for the relief he seeks from the Court, let alone waited 30 days after BOP received such a request.  Accordingly, Defendant must file a request with BOP, and wait 30 days from the receipt of such a request, before the Court can address his motion.  *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (noting mandatory statutory exhaustion "foreclose[es] judicial discretion."). Although the Court is sympathetic to the Defendant's concerns in light of the pandemic, the statutorily prescribed requirements at issue cannot be ignored.

### III.

### CONCLUSION AND ORDER

For these reasons, Defendant's motion for compassionate release is respectfully denied.

**IT IS SO ORDERED.**

Dated:  October 19, 2020

Hon. Dana M. Sabraw
United States District Judge

18-CR-4553 DMS